**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
4419 Van Nuys Blvd., Ste. 301
Sherman Oaks, CA 91403
T: (323) 940-1700
F: (510) 570-3815
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
WILLIAM J. JONES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| | Case No.: 8:25-cv-423 |
| WILLIAM J. JONES, | **COMPLAINT AND DEMAND FOR JURY TRIAL FOR:** |
| Plaintiff, | |
| vs. | **1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*]** |
| EXPERIAN INFORMATION SOLUTIONS, INC. | **2. VIOLATIONS OF THE CALFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [CAL. CIV. CODE § 1785, *ET. SEQ.*]** |
| Defendants. | |

## INTRODUCTION

1.      William J. Jones (Plaintiff) brings this action to secure redress from Defendant Experian Information Solutions, Inc. (hereinafter "Experian" or "Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

**JURISDICTION AND VENUE**

2.      Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

4.      Plaintiff is an individual, residing in Los Angeles, CA.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5.      Experian is a corporation with its principal place of business located in Costa Mesa, California. At all relevant times herein, Experian was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).  Likewise, Experian is a "consumer reporting agency" within the meaning of the CCRAA, Cal. Civ. Code § 1785.3(d).

6.      Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

7.      Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

## **FACTUAL ALLEGATIONS**

8.    Within two years prior to the filing of this action, Experian  has reported derogatory and inaccurate statements and information on Plaintiff's credit file (hereinafter "inaccurate information").

9.    The inaccurate information reported by Experian includes a trade-line from Sequium Asset Solutions, LLC, which falsely and illegally reports an alleged deficiency balance on an an alleged debt obligation incurred.  Plaintiff does not owe this balance falsely reported by Experian  due to the fact that Plaintiff had previously paid the balance off in October of 2024, thus no balance exists.  Despite this, the trade-line reappeared on Plaintiff's Experian credit file in January of 2025 as being unpaid and owed in full.

10.    Plaintiff sent dispute correspondence to Experian regarding the false and inaccurate credit information listed *supra.*

11.    As of the date of the filing of this complaint, Experian continues to report the inaccurate information on Plaintiff's credit files.

12.    Despite Plaintiff's exhaustive efforts to date to remove this erroneous information, Defendant has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, and has continued to report the inaccurate information about Plaintiff.

13.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

14.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the

injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file, which has hindered and harmed her ability to obtain credit, and diminished her existing and future creditworthiness.

16.   As a direct and proximate result of Defendant's above-referenced willful and/or negligent violations of the law, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, attorney's fees, and such further expenses in an amount to be determined at trial.

**FIRST CAUSE OF ACTION**

**Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.***

**(against Defendant Experian )**

17.    Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above

18.   The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

19.   The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2) (A). In

conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

20.    Within the two years preceding the filing of this complaint, Plaintiff notified Experian of an inaccuracy contained in its report and asked Experian to correct the inaccuracy.

21.    Experian failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiff disputed, in violation of 15 U.S.C. § 1681s-2(a) and 2(b).

22.    Experian failed to review and consider all relevant information submitted by Plaintiff.

23.    As a result of Experian 's failure to conduct a reasonable reinvestigation in accordance with the requirements of 15 U.S.C. § 168li(a)(I), Experian has failed to remove erroneous information in its credit reporting relating to Plaintiff, after having been notified that Plaintiff disputes that information.

24.    Experian 's failure to comply with the requirements of 15 U.S.C. §1681i(a)(l) was willful within the meaning of 15 U.S.C. § 1681n(a) and negligent within the meaning of 15 U.S.C. § 1681o(a).

25.    As a result of Experian 's willful and negligent noncompliance with the requirements of 15 U.S.C. §§ 1681e(b) and 168li(a)(1), Plaintiff has suffered damage to her credit ratings and other actual damages and is entitled to actual, statutory and punitive damages under 15 U.S.C. §§ 1681n(a) and o(a).

## SECOND CAUSE OF ACTION

**Willful Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian )**

26.    Plaintiff incorporates the foregoing paragraphs as though the same

were set forth at length herein.

27.    Defendant Experian  is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as that term is defined in 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

28.    Defendant Experian  uses means and facilities of interstate commerce for the purpose of preparing and furnishing Credit Reports and, hence, is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(t). Defendant Experian  is likewise a "consumer reporting agency" within the meaning of Cal. Civ. Code § 1785.3(d).

29.    In preparing Credit Reports, Defendant Experian  has failed to use reasonable procedures to, as required by law, "assure maximum possible accuracy" of information relating to inaccurately reported inforrmation, in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

30.    As a result of Defendant Experian 's failure to use reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Experian  is reporing inaccurate and materially misleading information about Plaintiff.

31.    Defendant Experian 's failure to comply with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b) is willful within the meaning of 15 U.S.C. § 1681n(a) and Cal. Civ. Code § 1785.31(a)(2), respectively.

32.    As a result of Defendant Experian 's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff is entitled to statutory and punitive damages under 15 U.S.C. § 1681n(a)(1) and (a)(2) and punitive damages under Cal. Civ. Code §§ 1785.31(a)(1) and (a)(2), respectively.

33.    As a further result of Defendant Experian 's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code. § 1785.14(b), Plaintiff has suffered damage to her credit rating and other actual damages.

### THIRD CAUSE OF ACTION

**Negligent Failure to Employ Reasonable Procedures To Ensure Maximum Accuracy of Credit Reports in Violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b)**

**(Against Defendant Experian )**

34.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.    In preparing credit reports relating to Plaintiff, Defendant Experian haS failed to follow reasonable procedures to assure maximum accuracy of information it puts in Credit Reports in violation of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b).

36.    As a result of  Defendant Experian 's failure to follow reasonable procedures in accordance with the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Defendant Experian  is falsely reporting that Plaintiff made late payments.

37.    Defendants Experian 's failure to comply with the requirements of 15 U.S.C. § 1681 e(b) and Cal. Civ. Code § 1785.14(b) is negligent within the meaning of 15 U.S.C. § 1681o(a) and Cal. Civ. Code § 1785.31(a)(l), respectively.

38.    As a result of Defendant's negligent violations of the requirements of 15 U.S.C. § 1681e(b) and Cal. Civ. Code § 1785.14(b), Plaintiff has suffered damage to his credit rating and other actual damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

39.    an award of actual damages, in an amount to be determined at trial,

1    pursuant to 15 U.S.C § 1681(n) and Cal. Civ. Code § 1785.31(a)(2)(A);

2         40.    an award of statutory damages of $ 1,000.00 per willful violation of

3    the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

4         41.    an award of punitive damages under 15 U.S.C § 1681(n) and 1681(0);

5         42.    an award of punitive damages of $ 100.00 - $ 5,000.00 per willful

6    violation of Cal. Civ. Code § 1785.14;

7         43.    an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o)

8    and  Cal. Civ. Code § 1785.31(d).

9         44.    Providing such further relief as may be just and proper.

10                         **<u>DEMAND FOR JURY TRIAL</u>**

11        Please take notice that Plaintiff's demands a trial by jury in this action.

12

13                              RESPECTFULLY SUBMITTED,

14   Dated: March 5, 2025           **MARTIN & BONTRAGER, APC**

15

16                              By: <u>/s/ Nicholas J. Bontrager</u>

17                                 Nicholas J. Bontrager
                                   *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28